Jones, J.,
dissenting.
Not having had the record in this cause until yesterday, it is out of my power (o draw up an opinion at large before the rising of the Court this day. 1 shall, therefore, at this time only observe, that the judgment below ought, in my opinion, to be reversed with costs, for the following reasons, which I shall hereafter give at largo, and deposit in the Clerk’s office. First. Because the action was brought by Robert Blanton, and the only evidence given in it tended to prove that the whisky, said to be delivered to Hanly to sell on commission, was the property of one Richard Blanton ; neither of the Blantuns was personally known to Hanly. Second. Because, from the deposition of Mr. Boggs, the only testimony in the cause, it appears clear to me that he was interested in the event, having bee¡n a partner of Hanly’s, not only at the time of the delivery of the whisky,' which was consigned to Boggs & Co., from Louisville, received by Boggs as such partner, and put into the possession of Hanly for sale ; and that Boggs and Hanly continued in partnership until after the sale thereof. I therefore think his deposition ought not to have been read, on account of incompetency. Third. Because the Court erred in not granting a new trial on the deposition of the defendant, on account of surprise and the want of written documents necessary for him in his defence, and which, as he said, would establish a set off; which documents he had lost, and did not find until after the trial was had.